IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JESSE LEVERETTE**                                                                **PLAINTIFF**

**vs**                                 **CIVIL ACTION NO. 3:19-cv-00271-HTW-LRA**

**WRAY TRUCKING CO., LLC and**
**ROBERT HALL**                                               **DEFENDANTS**

### PLAINTIFF'S EXPERT DESIGNATION

COMES NOW, the Plaintiff, Jesse Leverette, by and through his attorneys and in accordance with the Federal Rules of Civil Procedure and designates the following individuals who may be called as expert witnesses at trial:

1.     (A)     **Kimberly Fuller, M.D.**          **Emergency Room Physician**
                  **MS Baptist Medical Center**
                  **Jackson, MS**

(B)     Dr. Fuller is anticipated and/or expected to testify as to the dates of Plaintiff's treatments and evaluations, history obtained, the extent and result of the Plaintiff's physical examination, treatment procedures performed and/or recommended, diagnosis, prognoses, and whether or not the Plaintiff's medical condition is related to his motor vehicle accident.

(C)     Dr. Fuller is also anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that she rendered treatment to Plaintiff for injuries Plaintiff sustained in an automobile accident on or about April 20, 2017. Dr. Fuller is anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that the Plaintiff sustained the injuries as a result of the subject automobile accident, which occurred on April 20, 2017.

Dr. Fuller is anticipated and/or expected to testify to the following: Plaintiff presented to the emergency room at Baptist via ambulance on April 20, 2017, with complaints of pain in his neck,

**Exhibit "C"**

chest, shoulder, and head. She is expected to testify that she ordered diagnostic testing of the Plaintiff's chest, head/neck. She is expected to testify to the results of those tests. Dr. Fuller is expected to testify that she diagnosed the Plaintiff with a chest wall contusion and a neck strain. She is expected to testify that Plaintiff was given pain medication and told to follow-up with a physician in a week.

Dr. Fuller is anticipated and/or expected to testify as to what is set out in her medical bills and records, which have been or will be produced in discovery. Dr. Fuller is expected to testify that the cost of medical treatment rendered to the Plaintiff was both necessary and reasonable in and around the Jackson, Mississippi area and was necessarily incurred as a result of the Plaintiff's automobile accident.

(D)   Dr. Fuller' opinions are based upon her examination, evaluation and treatment of the Plaintiff, the medical records and/or reports she has studied, and his past expertise, training and experience in handling this type of injury. All of his opinions will be given to a reasonable degree of medical probability or certainty.

2.   (A)   **Dineseh Goel, M.D.**          **Treating Physician**
            **Medical Clinic of MS**
            **Jackson, MS**

(B)   Dr. Goel is anticipated and/or expected to testify as to the dates of Plaintiff's treatments and evaluations, history obtained, the extent and result of the Plaintiff's physical examination, treatment procedures performed and/or recommended, diagnosis, prognoses, dates of temporary disability, permanent impairment, date of maximum medical improvement, and whether or not the Plaintiff's medical condition is related to his motor vehicle accident.

(C)   Dr. Goel is also anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that he rendered treatment to Plaintiff for injuries Plaintiff sustained

in an automobile accident on or about April 20, 2017. Dr. Goel is anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that the Plaintiff received these injuries as a result of the subject automobile accident, which occurred on April 20, 2017.

Dr. Goel is anticipated and/or expected to testify to the following: Plaintiff presented to the Medical Clinic of Mississippi on May 22, 2017, with complaints of pain in his neck, back, head, bilateral shoulders. He is expected to testify that he recommended the Plaintiff undergo physical therapy for his injuries and will testify to the dates that the physical therapy was performed. He is also expected to testify that he recommended the Plaintiff undergo diagnostic testing to determine the extent of his injuries. Dr. Goel is expected to testify that MRIs were conducted on the Plaintiff's right shoulder, left shoulder, and cervical spine. He is expected to testify that the shoulder MRIs demonstrated rotator cuff tears and a disc protrusion at C4/5. He is expected to testify that based on the results of the MRIs he referred the Plaintiff to see a neurosurgeon and an orthopedic surgeon.

Dr. Goel is expected to testify to the types of physical therapy that were recommended to the Plaintiff. He is expected to testify to how the Plaintiff responded to physical therapy. He is expected to testify to the Plaintiff's pain status through his treatment.

Dr. Goel is expected to testify that he has reviewed the medical records exchanged between the parties in this case. Specifically, he is expected to testify that he reviewed records that referenced occasional pre-accident bilateral shoulder pain and cervical pain. He is expected to testify that the subject motor vehicle wreck worsened Plaintiff's shoulder issues. He is also expected to testify that while the Plaintiff made periodic complaints of neck pain in the years leading up to this wreck there is no evidence or diagnostic imaging that revealed or indicated that Mr. Leverette had suffered a long lasting cervical injury that would be relevant to his diagnosis or opinions in this case. Dr. Goel is

expected to testify that the medical records reveal that Mr. Leverette had not had cervical injections or physical therapy prior to this accident for his neck.

Dr. Goel is anticipated and/or expected to testify as to what is set out in his medical bills and records, which have been and will be produced in discovery. Dr. Goel is expected to testify that the cost of medical treatment rendered to the Plaintiff was both necessary and reasonable in and around the Jackson, Mississippi area and was necessarily incurred as a result of the Plaintiff's automobile accident. A copy of Dr. Goel's CV is attached as Exhibit A.

(D) Dr. Goel's opinions are based upon his examination, evaluation and treatment of the Plaintiff, the medical records and/or reports he has studied, the Plaintiff's deposition, other discovery exchanged between the parties and his past expertise, training and experience in handling this type of injury. All of his opinions will be given to a reasonable degree of medical probability or certainty.

3. (A) **Adam Lewis, M.D.**                                          **Neurosurgeon**
**Jackson Neurosurgery Clinic**
**Flowood, MS 39232**

(B) Dr. Lewis is anticipated and/or expected to testify as to the dates of Plaintiff's treatments and evaluations, history obtained, the extent and result of the Plaintiff's physical examination, treatment procedures performed and/or recommended, diagnosis, prognoses, impairment and whether or not the Plaintiff's medical condition is related to his motor vehicle accident.

(C) Dr. Lewis is also anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that he rendered treatment to Plaintiff for injuries he sustained in an automobile accident on or about April 20, 2017. He is anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that the Plaintiff received these injuries as a result of the subject automobile accident, which occurred on April 20, 2017.

Dr. Lewis is anticipated and/or expected to testify to the following: Plaintiff presented to Jackson Neurosurgery on July 7, 2017 with complaint of neck and bilateral shoulder pain. He is expected to testify that Plaintiff was experiencing pain across the upper back and intrascapular pain in the left hand. He is expected to testify that he recommended Plaintiff undergo an EMG Nerve conduction study and cervical epidural steroid injections at C4/5 and C5/6 with Dr. John Adams. He is expected to testify that he prescribed a TENS unit, home exercises, and pain medication to assist Plaintiff in obtaining pain relief. He is expected to testify that he recommended Plaintiff return in a few months.

Dr. Lewis is expected to testify that the Plaintiff underwent a EMG nerve conduction study on September 28, 2017 with Dr. Moore at Muscle and Nerve P.A. He is expected to testify to the results of that test. He is expected to testify that the Plaintiff underwent cervical epidural steroid injection(s) on October 18, 2017. He is expected to testify to how the Plaintiff tolerated this procedure and the details of the procedure.

Dr. Lewis is expected to testify that he evaluated the Plaintiff in December 2019. He is expected to testify that the Plaintiff was still suffering from pain in his neck as well as having low back pain. He is expected to testify that a December 2019 MRI demonstrated a c5/6 disc herniation with severe central stenosis and compression of the anterior portion of the spinal cord. He is expected to testify that he recommends Plaintiff undergo an ACDF at C5/6, C6/7.

Dr. Lewis is expected to testify that Plaintiff will require at least twenty (20) post-surgery physical therapy sessions. He will need to see a neurosurgeon one (1) time per year for life. He will need an average of ten (10) physical therapy sessions a year for life. He will need an MRI of the cervical spine every two years for life. Dr. Lewis is expected to testify that there is an increased probability that Plaintiff will require surgery at C4/5 in the future.

Dr. Lewis is expected to testify that he has reviewed Mr. Leverette's medical records that have been provided in this case. He is expected to testify that the records contain several references to general neck soreness/pain sporadically in the years leading up to this motor vehicle wreck. He will testify that he saw no diagnostic imaging that revealed or indicated that Mr. Leverette had suffered a long lasting cervical injury that would be relevant to my diagnosis or opinions in this case. He is expected to testify that the medical records reveal that Plaintiff had not had cervical injections or physical therapy prior to this accident for his neck. He is expected to testify that Plaintiff's prior complaints of neck pain were more likely than not due to muscle tightness or minor cervical strains. (*See* Exhibit "B," Affidavit of Adam Lewis M.D).

Dr. Lewis is expected to testify as to what is set out in his medical bills and records, which have been produced in discovery. He is expected to testify that the cost of medical treatment rendered to the Plaintiff was both necessary and reasonable in the Jackson, Mississippi area, and were necessarily incurred as a result of the Plaintiff's automobile accident. A copy of Dr. Lewis' CV is attached hereto as Exhibit "C".

(D)  Dr. Lewis' opinions are based upon his examination, evaluation and treatment of the Plaintiff, the medical records and/or reports he has studied, the discovery in this case, his conversations with the Plaintiff, and his past expertise, training and experience in handling this type of injury. All of his opinions will be given to a reasonable degree of medical probability or certainty.

4.  (A)  **John Adams**                                    **Pain Management**
          **Jackson Neurosurgery Clinic**
          **Flowood, MS 39232**

(B)  Dr. Adams is anticipated and/or expected to testify as to the dates of Plaintiff's treatments and evaluations, history obtained, the extent and result of the Plaintiff's physical examination, treatment procedures performed and/or recommended, diagnosis, prognoses,

impairment and whether or not the Plaintiff's medical condition is related to his motor vehicle accident.

(C)  Dr. Adams is also anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that he rendered treatment to Plaintiff for injuries he sustained in an automobile accident on or about April 20, 2017.  He is anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that the Plaintiff received these injuries as a result of the subject automobile accident, which occurred on April 20, 2017.

Dr. Adams is anticipated and/or expected to testify to pain management procedures he performed and how the Plaintiff tolerated said procedure.  Specifically, he is expected to testify that he performed a cervical epidural steroid injection on Plaintiff in October 2017.  He is expected to testify to the details of all procedures performed and the purpose of each procedure.

(D)  Dr. Adams is expected to testify as to what is set out in his medical bills and records, which have been produced in discovery.  He is expected to testify that the cost of medical treatment rendered to the Plaintiff was both necessary and reasonable in the Jackson, Mississippi area, and were necessarily incurred as a result of the Plaintiff's automobile accident.

5.  (A)  **Alan Moore**                                          **Neurologist**
         **Muscle and Nerve P.A.**
         **Jackson, MS 39216**

(B)  Dr. Moore is anticipated and/or expected to testify as to the dates of Plaintiff's treatments and evaluations, history obtained, the extent and result of the Plaintiff's physical examination, treatment procedures performed and/or recommended, diagnosis, prognoses, impairment and whether or not the Plaintiff's medical condition is related to his motor vehicle accident.

(C)  Dr. Moore is also anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that he rendered treatment to Plaintiff for injuries she sustained in

an automobile accident on or about April 20, 2017. He is anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that the Plaintiff received these injuries as a result of the subject automobile accident, which occurred on April 20, 2017.

Dr. Moore is expected to testify that he performed an EMG nerve conduction study on or about September 28, 2017. He is expected to testify to the details of the procedure, the purpose of the procedure, and the results of the procedure.

(D)  Dr. Moore is expected to testify as to what is set out in his medical bills and records, which have been produced in discovery. He is expected to testify that the cost of medical treatment rendered to the Plaintiff was both necessary and reasonable in the Jackson, Mississippi area, and were necessarily incurred as a result of the Plaintiff's automobile accident.

6.
(A)  **Daniel Dare, M.D.**                                    **Orthopaedic Surgeon**
     **Merit Health Bone and Joint**
     **Jackson, MS**

(B)  Dr. Dare is anticipated and/or expected to testify as to the dates of Plaintiff's treatments and evaluations, history obtained, the extent and result of the Plaintiff's physical examination, treatment procedures performed and/or recommended, diagnosis, prognoses, and whether or not the Plaintiff's medical condition is related to his motor vehicle accident.

(C)  Dr. Dare is also anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that he rendered treatment to Plaintiff for injuries he sustained in an automobile accident on or about April 20, 2017. He is anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that the Plaintiff received these injuries as a result of the subject automobile accident which occurred on April 20, 2017.

Dr. Dare is expected to testify that Plaintiff presented to Merit Health Bone and Joint Specialists on November 2, 2017, with complaints of bilateral shoulder pain since a motor vehicle

accident which occurred on April 20, 2017. He is expected to testify that Plaintiff's evaluation revealed decreased ROM in his shoulders with a history of daily pain since the motor vehicle wreck. He is expected to testify that Plaintiff had undergone physical therapy but was unable to get lasting pain relief.

      Dr. Dare is expected to testify that the MRI of the shoulder revealed what appeared to be a right humeral compression fracture or subchondral erosion that was post-traumatic in origin. It also showed a labral tear and possible tear of the long head of the biceps tendon. There was also evidence of a full thickness rotator cuff tear. He is expected to testify that he recommended Mr. Leverette undergo a right shoulder arthroscopy with rotator cuff repair, Mumford, ASD, a biceps tenodesis. He is expected to testify that Plaintiff will require approximately 25 sessions of physical therapy following surgery.

      Dr. Dare is expected to testify that he reviewed Mr. Leverette's pre-accident medical history and that although Mr. Leverette did experience bilateral shoulder pain prior to the wreck there is no indication that he was a surgical candidate. He is expected to testify that imaging taken of his right shoulder prior to this wreck did not demonstrate any abnormalities. He is expected to testify that Mr. Leverette's shoulder symptoms worsened following this motor vehicle wreck. Dr. Dare is expected to testify that it is his opinion to a reasonable degree of medical probability that Mr. Leverette's AC separation was cause by this motor vehicle wreck. He is expected to testify that this wreck caused and/or exacerbated Mr. Leverette's other shoulder injuries which pre-dated this wreck.

      Dr. Dare is expected to testify that he has reviewed the medical records produced in this case that make reference to prior shoulder pain. He is expected to testify that there is no indication that Plaintiff was regularly experiencing should pain leading up to this accident. He is expected to testify that imaging prior to this accident does not indicate pre-accident injury. He is expected to testify after reviewing the Plaintiff's pre-accident medical history, he still believes to a reasonable degree

of medical probability that the Plaintiff's shoulder injury and subsequent medical treatment were caused by/necessitated by the subject motor vehicle accident. He is expected to testify consistent with his affidavit which is attached hereto as Exhibit "D."

Dr. Dare is expected to testify as to what is set out in his medical bills and records, which are being produced in discovery. He is expected to testify that the cost of medical treatment rendered to the Plaintiff was both necessary and reasonable in the Jackson, Mississippi area, and were necessarily incurred as a result of the April 20, 2017, automobile accident. A copy of Dr. Dare's CV is attached hereto as Exhibit "E".

(D)     Dr. Dare's opinions will be based upon his examination, evaluation and treatment of the Plaintiff, the medical records and/or reports he has studied, the discovery in this case, his conversations with the Plaintiff, and his past expertise, training and experience in handling this type of injury. All of his opinions will be given to a reasonable degree of medical probability or certainty.

7.
(A)     **Edward R. Hobgood, M.D.**                              Orthopaedic Surgeon
        **MS Sports Medicine**
        **Jackson, MS**

(B)     Dr. Hobgood is anticipated and/or expected to testify as to the dates of Plaintiff's treatments and evaluations, history obtained, the extent and result of the Plaintiff's physical examination, treatment procedures performed and/or recommended, diagnosis, prognoses, and whether or not the Plaintiff's medical condition is related to his motor vehicle accident.

(C)     Dr. Hobgood is also anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that he rendered treatment to Plaintiff for injuries he sustained in an automobile accident on or about April 20, 2017. He is anticipated and/or expected to testify to a reasonable degree of medical probability or certainty that the Plaintiff received these injuries as a result of the subject automobile accident which occurred on April 20, 2017.

Dr. Hobgood is expected to testify that he treated the Plaintiff for bilateral shoulder pain before and after the subject automobile wreck. He is expected to testify that the Plaintiff presented to his clinic on January 4, 2017, with complaints of pain in his left shoulder. He is expected to testify that Plaintiff did not make any complaints of right shoulder pain. He is expected to testify that he gave Mr. Leverette an injection to assist in pain relief, took x-rays of his left shoulder, and told him to return in a month.

Dr. Hobgood is expected to testify that the Plaintiff returned to his clinic on February 2, 2017. He is expected to testify that Plaintiff complained of pain in his left shoulder and his right shoulder. He is expected to testify that his examination of his right shoulder revealed normal motion and no weakness. He is expected to testify that he diagnosed Plaintiff with a strained right rotator cuff with bilateral cuff tendinitis and told him to continue home exercises and return as needed.

Dr. Hobgood is expected to testify that Plaintiff returned to the clinic on March 27, 2017, with complaints of bilateral shoulder pain. He is expected to testify that he took x-rays of Plaintiff's right shoulder and did not see any abnormalities. He is expected to testify that he diagnosed Plaintiff with cuff strain and tendinitis in his right shoulder and gave him a right shoulder injection for pain.

Dr. Hobgood is expected to testify that Plaintiff was involved in a motor vehicle wreck on April 20, 2017. He is expected to testify that Plaintiff underwent shoulder MRIs on June 7, 2017. He is expected to testify that Plaintiff returned to Mississippi Sports Medicine on August 18, 2017, with complaints of worsening bilateral shoulder pain since the April 20, 2017, motor vehicle accident. He is expected to testify that he reviewed the MRI and noticed some increased signal in the rotator cuff consistent with partial tearing. Dr. Hobgood is expected to testify that he also conducted x-rays of Mr. Leverette's right shoulder which revealed a grade 3 separation of his clavicle. He is expected to testify that this image was compared to the x-rays taken prior to the accident. He is expected to testify that he discussed these finding with Mr. Leverette and the

decision was made to try bilateral injections for the pain and to return in a month.

Dr. Hobgood is expected to testify that Plaintiff returned on September 18, 2017 and was again evaluated for continued bilateral shoulder pain. He is expected to testify that his impression was bilateral cuff tears. He is expected to testify that he gave Plaintiff another injection in his right shoulder and advised that he was not going to be able to do anymore since I had already done three.

Dr. Hobgood is expected to testify that the Plaintiff was later evaluated by a second orthopedic surgeon, Dr. Daniel Dare. He is expected to testify that Dr. Dare has suggested that Mr. Leverette undergo a right shoulder arthroscopy with rotator cuff repair, Mumford, ASD and biceps tenodesis. He is expected to testify that it is his opinion that this procedure is a reasonable course of treatment for Mr. Leverette.

Dr. Hobgood is expected to testify that Plaintiff had bilateral shoulder issues prior to the April 20, 2017 motor vehicle wreck. He is expected to testify that the wreck exacerbated Plaintiff's pre-existing shoulder issues. He is expected to testify that Plaintiff's AC separation was caused by the subject motor vehicle wreck and that the wreck caused worsening symptoms of his right rotator cuff. He is expected to testify consistent with his affidavit which is attached hereto as Exhibit "F."

Dr. Hobgood is expected to testify as to what is set out in his medical bills and records, which are being produced in discovery. He is expected to testify that the cost of medical treatment rendered to the Plaintiff was both necessary and reasonable in the Jackson, Mississippi area, and were necessarily incurred as a result of the April 20, 2017, automobile accident.

(D)    Dr. Hobgood's opinions will be based upon his examination, evaluation and treatment of the Plaintiff, the medical records and/or reports he has studied, his conversations with the Plaintiff, and his past expertise, training and experience in handling this type of injury. All of his opinions will be given to a reasonable degree of medical probability or certainty.

8.  (A)  **Kathy Smith**                                    Life Care Planner
        **Southern Care Management Services Inc.**
        **5184 Caldwell Mill Rd., Suite 204 - Box 292**
        **Hoover, AL 35244**

   (B)  Kathy Smith is anticipated and/or expected to testify as to the future medical costs projection she developed for the Plaintiff due to injuries sustained by the Plaintiff in the motor vehicle accident that occurred on or about April 20, 2017. She is expected to testify to the history obtained, the extent and result of the Plaintiff's physical examination (if any), conversations with Plaintiff's treating physicians (if any), and the other information she relied on to assess the Plaintiff's anticipated future medical needs.

   (C)  In addition to the information contained in the prior designation, Ms. Smith is also expected to testify to a reasonable degree of certainty to the amounts contained within her life care plan. She is expected to testify that Plaintiff faces future medical costs of will be $364,918.17. (*See* Exhibit "G," Kathy Smith Report) A copy of Ms. Smith's CV is attached hereto as Exhibit "H". Ms. Smith charges $185 per hour to review records and $400.00 per hour for testimony services.

   (D)  Ms. Smith's opinions are based upon the medical records and/or reports she has studied, conversations with the Plaintiff's treating physician(s) (if any) and her past experience, training and skill in calculating these types of damages. All of her opinions will be given to a reasonable degree of medical probability or certainty. Ms. Smith reserves the right to supplement this report as the Plaintiff's condition changes.

9.  (A)  **Rod Moe, CPA**                                   CPA
        **3199 Lake Worth Rd.,**
        **Lake Worth, FL 33461**

   (B)  Rod Moe is anticipated and/or expected to testify as to the Personal Injury Economist Damages Report he prepared in this case. He is expected to testify to the present value of Plaintiff's anticipated future medical care and past loss wages. He is expected to testify to the methodology

he used in reaching these numbers including the discount and growth rates utilized. His figures take into consideration (1) base-year earnings or initial earnings estimate; (2) income growth rate; (3) life expectancy, (4) discount rate; and (5) taxes.

  (C) Rod Moe is expected to testify that the present value of Plaintiff's future medical care through 13.20 years is $364,184.00. He is expected to testify that the Plaintiff's past lost wages from the "L Group" are approximately $97,839.00 based on the tax returns provided by the business. Rod Moe is expected to testify as to what is set out in his report that is attached hereto as Exhibit "I." His CV, Fee Schedule, and Testimony list is attached hereto as Exhibit "J."

  (D) Rod Moe's opinions are based on national statistics and labor studies as well as his knowledge, skill, experiencing, and training. All of his opinions will be given to a reasonable degree of financial probability or certainty.

10. (A) **Ernie Smith, CPA**        **CPA**
     **Smith & Company CPA Inc.**
     **6767 Siwell Rd., Suite B**
     **Byram, MS 39272**

  (B) Ernie Smith is anticipated and/or expected to testify as to the past loss wages sustained by the "L Group" in the year following the April 20, 2017 motor vehicle wreck. Smith is the personal and business accountant for Jesse Leverette.

  (C) Ernie Smith is expected to testify that the Plaintiff's past lost wages from the "L Group" are approximately $97,839.00 based on the tax returns provided by the business.

  (D) Ernie Smith's opinions are based on national accounting principles and his knowledge, skill, experiencing, and training. All of his opinions will be given to a reasonable degree of financial probabilty or certainty.

11.
**Treating Physicians**

Plaintiff may call any and all of the treating physicians who provided care, examination, treatment, or services to Plaintiff prior to this accident who may be identified in hospital records, physician records, and other documents produced/identified by the parties in formal or informal discovery responses, depositions, or correspondence. None of these persons are retained experts pursuant to FRCP 26.

If called, these persons are expected to testify regarding their examinations, diagnoses, care, treatment, opinions, and observations of the Plaintiff as revealed in their respective records/documents. These treating physicians are expected to testify to the Plaintiff's pre-accident condition, diagnosis, prognosis, and other medical needs.

The treating physicians are expected to testify to the dates of treatment, actual treatments and evaluations, the Plaintiff's medical history, the extent of the Plaintiff's injuries or medical conditions, any procedures performed, their diagnosis, their prognosis, and that Plaintiff's injuries as set forth in the complaint were caused by the accident and not by an pre-existing injuries and/or limitations. This includes any of the radiologists that performed diagnostic testing on the Plaintiff. These individuals are expected to testify to the results of the diagnostic testing and whether the injuries were caused by the subject motor vehicle wreck.

The grounds for the treating physician's opinions are based upon their examination, evaluation, and treatment of the Plaintiff, the medical records and/or reports they have studied and their past expertise, training and experiences in handling these types of injuries.

Plaintiff reserves the right to have any of these individuals expound on the information contained in their medical records

Plaintiff reserves the right to supplement these opinions in keeping with the Federal Rules of Civil Procedure. Plaintiff reserves the right to replace or supplement any above experts if the listed expert is unable to testify or is unavailable for trial. Plaintiff reserves the right to call any of Defendants' experts. Plaintiff reserves the right to have any of his designated experts expound upon any of their findings and/or opinions. Plaintiff reserves the right to call any treating physicians to give expert testimony in this matter.

THIS the 6th day of January, 2020.

RESPECTFULLY SUBMITTED,
**PLAINTIFF, JESSE LEVERETTE**

BY: /s/ Matt Newman
**MATT NEWMAN**

OF COUNSEL:

R. PAUL WILLIAMS, III (MSB #102345)
MATT NEWMAN (MSB#103654)
WILLIAMS NEWMAN WILLIAMS, PLLC
Post Office Box 23785
Jackson, Mississippi 39225
Tel:   (601) 949-5080
Fax:   (601) 949-3358

## CERTIFICATE OF SERVICE

    I, Matt Newman, counsel of record for the Plaintiff, JESSE LEVERETTE, do hereby certify that I have this date caused to be served via U.S. Mail, a true and correct copy of this document to the following:

John B. MacNeill
Landon Kidd, Esq.
**COPELAND, COOK, TAYLOR & BUSH, P.A.**
Post Office Box 6020
Ridgeland, Mississippi 39158

THIS, the 6th day of January, 2020.

                                                    Matt Newman, Esq.